**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESSIE L. TOLBERT,

Defendant-Appellant.

No. 14-50499

D.C. No. 2:13-cr-00692-JFW-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued December 11, 2015
Submitted July 28, 2017
Pasadena, California

Before: GOULD and BERZON, Circuit Judges, and ZOUHARY,[**] District Judge.

Following his plea of guilty to charges of wire fraud and conspiracy to

commit wire fraud, Jessie Tolbert appeals the district court's application of two

enhancements to his base offense level at sentencing. Tolbert maintains that the

_____

[*] This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Jack Zouhary, United States District Judge for the Northern
District of Ohio, sitting by designation.

district court erred in finding that he intended a loss of between $400,000 and $999,999 resulting from the fraud, and that the district court also erred in finding that he used sophisticated means in furtherance of the fraud.

We vacated submission of this case pending the outcome of en banc proceedings in *United States v. Gasca-Ruiz*, 852 F.3d 1167 (9th Cir. 2017) (en banc). *Gasca-Ruiz* held that review of a district court's application of the Guidelines to the facts is for abuse of discretion. *Id*. at 1168. Applying that standard, we affirm the district court's sentence in full.

1.     The district court did not clearly err in applying a 14-level enhancement pursuant to U.S.S.G. § 2B1.1(b)(1)(H), which at the time of Tolbert's sentencing required such an enhancement for an intended loss between $400,000 and $999,999. As recounted in the government's offer of proof, the accuracy of which Tolbert confirmed at sentencing, Tolbert admitted that he and his coconspirators had persuaded an undercover government agent to invest $500,000 in their fraudulent scheme.

Tolbert maintains that the amount of $500,000 was suggested by the government's undercover agent rather than himself or his coconspirators, and that he was entrapped into committing a larger fraud than he was otherwise disposed to commit. But no evidence in the record suggests that the government exerted undue

2

pressure on Tolbert or his coconspirators, or that Tolbert was at all reluctant to participate in the scheme before or after the $500,000 figure was proposed. Rather, the government agent merely "presented the opportunity" for a $500,000 investment to Tolbert and his coconspirators, which they agreed to and then actively participated in making a reality. *See United States v. Black*, 733 F.3d 294, 312 (9th Cir. 2013).

2.      The district court did not abuse its discretion in applying a two-level enhancement for the use of sophisticated means in furtherance of the offense pursuant to U.S.S.G. § 2B1.1(b)(10)(C). *See Gasca-Ruiz*, 852 F.3d at 1168.

The Application Notes to the Guidelines describe "sophisticated means" as "especially complex or specially intricate offense conduct pertaining to the execution or concealment of an offense. Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts ordinarily indicates sophisticated means." U.S.S.G. § 2B1.1(b)(10) cmt. 9(B). The district court cited three critical facts in explaining its application of the sophisticated-means enhancement: (1) that Tolbert used his company, Levette, Inc. (which the district court found was a "shell corporation,") as part of the scheme; (2) a coconspirator presented himself under an assumed name as Tolbert's attorney, with Tolbert's knowledge; and (3) that same

3

coconspirator falsified a U.S. passport to lend verisimilitude to his assumed identity and thereby to induce the government's agent to invest his money.

Tolbert argues, with some force, that these three facts do not reflect sophistication in his particular case. He contends that Levette was not, in fact, a shell corporation but a legitimate company, and that a coconspirator lying about his name and occupation is an element in many fraud schemes. As to the forged passport, he argues that the record includes no evidence as to its sophistication or quality. But as Tolbert acknowledges, the three facts cited by the district court, at least "considered in isolation," may "suggest sophistication." Given our holding in *Gasca-Ruiz* that a district court's application of the Guidelines to the facts of a given case is reviewed for abuse of discretion, we are compelled to affirm. We cannot say that the district court's application of the enhancement was "illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009).

Tolbert also contends that the district court applied the enhancement based largely on a coconspirator's conduct rather than Tolbert's own, although Guidelines Amendment 792 (effective as of November 1, 2015) makes clear that the focus of U.S.S.G. § 2B1.1(b)(10)(C) is conduct in which the *defendant* intentionally engaged or caused.

4

"We consider three factors when assessing whether an amendment to the Guidelines applies retroactively: (1) whether the amendment is listed as a retroactive amendment in U.S.S.G. § 1B1.10[]; (2) whether the amendment is characterized as a clarification; and (3) whether the amendment resolves a circuit split." *United States v. Quintero-Leyva*, 823 F.3d 519, 522 (9th Cir. 2016). None of those factors applies here. The 2015 amendment constituted a substantive change to the Guidelines, not a clarification; the amendment did not purport to resolve a circuit split; and Amendment 792 is not among those listed in U.S.S.G. §§ 1B1.10(c) or (d). Moreover, the record suggests that Tolbert's own conduct supported two of the district court's three reasons for applying the enhancement. Tolbert presented himself as a "client" of his coconspirator masquerading as an attorney, and actively solicited investment in Levette, the alleged shell corporation.

**AFFIRMED.**